**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| CHRISTOPHER BROWN, | CASE NO. CV12-3002 PA (RZx) |
| Plaintiff, | **[PROPOSED] PROTECTIVE ORDER ON DEFENDANTS' PRODUCTION OF CERTAIN DOCUMENTS UNDER FRCP 26(A)(1)** |
| v. | |
| COUNTY OF LOS ANGELES; LOS ANGELES SHERIFF'S DEPARTMENT; DEPUTY SHAWN O'DONNELL; DEPUTY KEVIN AHSMUHS, AND DOES I-X, | [Assigned to Judge Percy Anderson Courtroom "15"] |
| Defendants. | Magistrate Judge Ralph Zarefsky Courtroom "540" |
| | Trial Date: April 30, 2013 |

**NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

    After full consideration of the stipulation by the parties for a Protective Order, and FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED that:

    1.    The information contained in the documents defendants may produce to plaintiff pursuant to FRCP 26(a)(1) contain private and confidential information. Specifically, this protective order protects the following information and documents (hereinafter referred to as "Subject Documents") that defendants may produce to the plaintiff in the case:

- Identifying and personal information about third-party

individuals and/or Los Angeles County Sheriff's Department personnel.

The information contained in the Subject Documents shall not be divulged to: (1) any expert witness retained by the non-producing party or its attorney who has not agreed in writing to be bound by this Order; and (2) to any third-party who is not directly involved in the above-entitled action without the written consent of defendants or its attorneys or further order of this Court.

2. Working copies or file copies of the Subject Documents can be made for: (1) the attorneys (including paralegals, law clerks or other support personnel necessary for preparation of the case) for the parties; (2) the parties themselves; (3) experts retained by the parties who have agreed to be bound by this Protective Order. These copies are to be used exclusively in connection with the above-captioned action. Any copies of or other methods of reproduction of the Subject Documents shall be stored and/or handled by the above-listed persons in a manner which will prevent the unauthorized disclosure thereof.

3. That if the Subject Documents are to be used as exhibits, or in other discovery and/or pre-trial motions involving discovery, the Subject Documents shall be marked "Privileged and Confidential." Any documents, including, but not limited to motions and deposition transcript, filed or lodged with the Court containing the Subject Documents as an exhibit shall be filed and/or lodged under seal pursuant to paragraph 5.

4. The Subject Documents shall not be used by the parties for any purpose whatsoever other than for preparation for trial and/or trial of the above-captioned action.

5. That if any of the Subject Documents are to be lodged and/or filed with the Court, counsel for the respective parties are directed to file and/or lodge such documents pursuant to Local Rule 79-5 of the United States District Court, Central District of California.

6. That each expert, agent, representative, witness, or consultant who is permitted by any attorney for the parties to view, examine, copy, scan or otherwise inspect the Subject Documents shall agree in writing to be bound by this Protective Order. A copy of this Protective Order shall also be delivered to each of the above-listed persons by the attorneys for the parties.

7. That no party to this action, attorneys for the parties (including law clerks, paralegals, or other support personnel necessary for preparation for trial and/or trial), experts retained by the parties or the attorneys for the parties, agents, or representatives of the parties, will make copies or other types of reproduction other than working copies or file copies for the persons described in paragraph 2, of any of the Subject Documents.

8. Good cause exists for entry of this Order. Under FRCP 26(a)(1), defendants may produce documents which identify confidential and personal information regarding third-party individuals and/or Los Angeles County Sheriff's Department personnel. Because disclosure of the Subject Documents implicates the privacy rights of these individuals, good cause exists for the issuance of a Protective Order.

9. Within sixty (60) days after completion of this litigation, all documents or items produced by the parties pursuant to this Protective Order, including any writing or communication reproducing, paraphrasing, or otherwise disclosing such information, shall be collected by counsel for the receiving party and either returned to the party supplying such materials or destroyed, and counsel for the receiving party shall provide an affidavit reflecting such disposition to the party supplying such materials. However, attorney work product or pleadings containing information derived from these confidential materials may be retained in receiving counsel's files, provided that such information shall not be used for any purpose outside of this litigation. For purposes of this Protective Order, this action shall be considered completed upon settlement or upon ten (10) days following the entry of

1 judgment that has become final and non-appealable, or from which all appeals have
2 been exhausted.
3       10.   This Order shall survive the conclusion of this action, including any
4 appeals, to the extent that information comprising or contained in the Subject
5 Documents do not become public.  The Court shall retain jurisdiction to resolve any
6 dispute concerning compliance with the terms and conditions of this Protective
7 Order, including any alleged violation thereof.
8       **APPROVED AND SO ORDERED;** however, this Order shall not govern in
9 connection with dispositive motions or at trial.  Any party desiring protection of
10 materials submitted in connection with those proceedings must apply separately to
11 the judicial officer who will preside in connection with those proceedings.

13 Dated: September 28, 2012    _____
14                                UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 700 South Flower Street, Suite 900, Los Angeles, California 90017-4121.

On September 25, 2012, I served true copies of the following document(s) described as **[PROPOSED] PROTECTIVE ORDER ON DEFENDANTS' PRODUCTION OF CERTAIN DOCUMENTS UNDER FRCP 26(A)(1)** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address varagon@hurrellcantrall.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 25, 2012, at Los Angeles, California.

Veronica Aragon

**SERVICE LIST**
**Christopher Brown vs. County of Los Angeles, et al.**
**Case No. CV12-03002 PA (RZx)**

Michael H. Artan, Esq.                    *Attorney for Plaintiff*
One Wilshire Boulevard, Suite 2200
Los Angeles, CA  90017
Telephone: (213) 688-0370
Facsimile:  (213) 627-9201
E-mail:  michaelartan@yahoo.com

Case 2:12-cv-03002-PA-RZ   Document 33   Filed 09/28/12   Page 7 of 7   Page ID #:245